Scott M. Grace, SBN 236621
Grace Law, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
Phone: (619) 346-4611
Facsimile: (619) 501-8106
sgrace@gracelawapc.com

Attorney for Plaintiff Walter Campos

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Walter Campos,<br><br>           Plaintiff,<br><br>vs.<br><br>Galaxy International Purchasing, LLC;<br>Rausch Sturm Israel Enerson & Hornik;<br>and Does 1 through 5, inclusive.<br><br>           Defendants. | Case No. '20CV1682 BEN AGS<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>• FEDERAL FAIR DEBT COLLECTION PRACTICES ACT<br>• CALIFORNIA FAIR DEBT BUYING PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL |

## I.     Introduction

1.     Plaintiff Walter Campos, ("Campos" or "Plaintiff"), through his counsel, brings this action to challenge the acts of Defendants Galaxy International Purchasing, LLC ("Galaxy") and Rausch Sturm Israel Enerson & Hornik (hereinafter "Rausch Sturm") (collectively "Defendants") regarding violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA")

Complaint                                                                                                                    Case No.

and the acts of Galaxy International Purchasing, LLC regarding violations of the California Fair Debt Buying Practices Act, Cal. Civ. Code §1788.50, *et seq* (hereinafter "FDBPA") both of which prohibit debt collectors and creditors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as Does 1 through 5, and therefore, sues the Defendants by such fictitious names.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## II.   JURISDICTION AND VENUE

6. This action arises out of violations by each of the Defendants of the FDCPA under 15 U.S.C. §1692, *et seq*. and violations by Defendant Galaxy of the FDBPA under Cal. Civ. Code §1788.50, *et seq*.

7. Jurisdiction arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692(k)(d), and 28 U.S.C. §1367 for supplemental state claims.

8. As Defendants do business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## III.   Parties

10. Plaintiff is a natural person residing in Rialto, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that he is a

Complaint                                                                                                         Case No.

natural person purportedly obligated to pay a consumer debt, allegedly owed to Galaxy (hereinafter "Debt").

11. Plaintiff is informed and believes that Defendant Galaxy is and was at all relevant times a Nevada limited liability company, or "LLC" engaged in the business of purchasing and collecting charged-off consumer debts with its principal place of business located at 4730 South Fort Apache Road, Suite 300, Las Vegas, NV 89147, and is a "debt buyer" as that term is defined by California Civil Code §1788.50(a)(1).

12. Galaxy's principal purpose is to collect money on the debts it purchases, and as such Galaxy is a "debt collector" under 15 U.S.C. §1692a.

13. Plaintiff is informed and believes that Defendant Rausch Sturm is and was at all relevant times a California limited liability partnership, or "LLP" and a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

**IV.   Facts Common to all Claims for Relief**

14. On August 30, 2019, Rausch Sturm filed a complaint on behalf of Galaxy ("Collection Complaint") in the Superior Court of California for the County of San Bernardino against Plaintiff, in the matter of *Galaxy International Purchasing, LLC v. Walter Campos*, *et al*, case number CIVDS1926265 ("Collection Action"). Exhibit 1.

15. Plaintiff was later served with the Collection Complaint.

16. In paragraph 11 of the Collection Complaint, Defendants alleged that, "pursuant to California Civil Code, Section 1788.58, subsection (a)(6), Plaintiff alleges that the name of the creditor at the time of charge-off was LendingClub Corporation."

Complaint                                                                                        Case No.

17. Plaintiff is informed and believes, and thereon alleges, that the above representation is false, and that LendingClub in fact did not own the alleged debt at the time of charge-off, and that the alleged debt had actually been sold, assigned, or otherwise transferred to another undisclosed entity, and that LendingClub was merely a servicer of the alleged account.

18. In paragraph 13 of the Collection Complaint, Defendants disclosed the names and addresses of all entities who have purchased the debt as after charge-off as follows:

> Galaxy International Purchasing, LLC
> 200 Galleria Pkwy, Suite 1900, Atlanta, GA 30339

19. Plaintiff is informed and believes, and thereon alleges, that the above representation is false, and that one or more third party "investors" purchased the debt after charge-off and were not disclosed by Defendants, and Defendants chose to hide these third party investors from Plaintiff and the court, in order to make it easier to seemingly prove ownership of the account.

20. The false, deceptive, and misleading statements made by Defendants were material misstatements that negatively impacted Plaintiff's statutory and legal rights, and are misleading as to the character, amount, and legal status of the alleged account, thereby causing Plaintiff confusion and misunderstanding.

21. At all times herein, Defendants were attempting to collect, from Plaintiff, a debt as defined by 15 U.S.C. §1692a(5) of the FDCPA.

## FIRST CLAIM FOR RELIEF
**(Violations of the FDCPA by Galaxy and Rausch Sturm)**

22. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

23. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following:

   a. 15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

  b. 15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

  c. 15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

 24. Plaintiff is entitled to actual damages sustained as a result of Defendants' conduct, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to 15 U.S.C. §1692k.

## SECOND CLAIM FOR RELIEF

## (Violations of the FDBPA by Galaxy)

 25. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

 26. Galaxy's acts and omissions violated the California Fair Debt Buying Practices Act including, but not limited to Cal. Civ. Code §1788.58(a). Galaxy's violations of Cal. Civ. Code §1788.58(a) include, but are not limited to the following:

  (a) Failing to state the name and an address of the charge-off creditor at the time of charge off and the charge-off creditor's account number associated with the debt;

  (b) Failing to state the name and last known address of the debtor as they appeared in the charge-off creditor's records prior to the sale of the debt;

  (c) Failing to state the names and addresses of all persons or entities that purchased the debt after charge-off, including the plaintiff debt buyer;

 36. As a proximate result of the violations of the California Fair Debt Buying Practices Act, Plaintiff is entitled to actual damages, statutory damages of $100.00 to $1,000.00, reasonable attorney's fees and costs of this action pursuant to Cal. Civ. Code §1788.62.

Complaint                                            Case No.

## PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

*FDCPA*

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Galaxy and Rausch Sturm and for the Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Galaxy and Rausch Sturm and for the Plaintiff;

3. An award of costs of litigation and reasonable attorney's fees against Galaxy and Rausch Sturm and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

*FDBPA*

7. An award of actual damages pursuant to California Civil Code § 1788.62(a)(1) against Galaxy and for Plaintiff;

8. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.62(a)(2) against Galaxy and for Plaintiff;

9. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.62(c)(1) against Galaxy and for Plaintiff; and

10. Such other and further relief this court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Date: August 28, 2020

/s/Scott M. Grace
Scott M. Grace
Attorney for Plaintiff

Complaint                                                                                          Case No.